**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Glenn Nelson, et al., | Case No. 18-cv-0909 (SRN/LIB) |
| Plaintiffs, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Minnesota Department of<br>Transportation, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Glenn Nelson's Application to Proceeds in forma pauperis. [Docket No. 2].

Plaintiff Glenn Nelson, purporting to act through himself and his entity Nelson Excavating, brought this action alleging fraud and breach of contract against the named Defendants in the United States District Court for the District of Maryland.[1] Because this lawsuit lacked any connection with that venue, the matter was transferred to this District. Pending at the time of the transfer was Nelson's application to proceed *in forma pauperis* ("IFP").

In an Order dated June 6, 2018, this Court declined to grant Nelson's IFP application on the grounds that Nelson Excavating was ineligible to proceed IFP and because, so long as Nelson Excavating remained in the action, neither Plaintiff could proceed IFP. (See, Order, [Docket No. 6], at 1–2).

Rather than dismiss Nelson Excavating as a Plaintiff in this the lawsuit and proceed alone, Nelson elected to forego IFP status and paid the $400.00 filing fee for this action. (See, Receipt [Docket No. 7]).

---

[1] Liberally construing Plaintiffs' Complaint in their favor, this Court interprets the Complaint as attempting to raise claims of fraud and breach of contract, both causes of action arising under state law. The factual basis for these claims is not particularly clear from the documents submitted by Nelson. Because Nelson has not and cannot establish this Court's jurisdiction over the lawsuit, though, any failure by Nelson to state a claim on which relief may be granted is rendered moot.

Because Nelson is not proceeding IFP, this matter is no longer subject to review under 28 U.S.C. § 1915(e)(2)(B). Nevertheless, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The plaintiff has an affirmative obligation to establish in the pleading a basis for the Court's jurisdiction. See, Fed. R. Civ. P. 8(a)(1).

As this Court pointed out in its previous Order, the claims raised by Nelson arise under state law, not federal law. Accordingly, no federal question is presented by this litigation sufficient to establish subject-matter jurisdiction under 28 U.S.C. § 1331. The parties are not alleged to be of diverse citizenship; accordingly, 28 U.S.C. § 1332(a) does not provide a basis for subject-matter jurisdiction, either. Nor is any other basis for the Court's subject-matter jurisdiction plausibly invoked by Nelson.

Without jurisdiction, this Court cannot proceed to the merits of this litigation. Accordingly, it will be recommended that this matter be dismissed without prejudice.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiffs' application to proceed in forma pauperis, [Docket No. 2], is **DENIED as moot**.

Additionally, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.


Dated: August 14, 2018                         s/Leo I. Brisbois
                                               Leo I. Brisbois
                                               United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).